# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS, | Case No. 1:18-cv-01324-BAM (PC) |
| Plaintiff, | ORDER DISREGARDING PLAINTIFF'S PROPOSED SUPPLEMENTAL COMPLAINT |
| v. | (ECF No. 18) |
| HICKS, et al., | ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on September 21, 2018. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Before the Court could screen Plaintiff's complaint, Plaintiff filed a proposed supplemental complaint on November 7, 2018. (ECF No. 18.)

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R.

1

Civ. P. 15(d). Rule 15 distinguishes between supplementing and amending a complaint. In an amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint. See United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002); Flaherty v. Lang, 199 F.3d 607, 613 n.3 (2d. Cir. 1999). A supplemental complaint addresses matters occurring after the original complaint is filed. Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Plaintiff's proposed supplemental complaint includes factual allegations from before and after the filing of the original complaint, as well as some of the same allegations raised in the original complaint. As it is unclear whether Plaintiff intends to supersede any part of his original complaint, the Court will grant Plaintiff an opportunity to file a first amended complaint which includes all of his original and supplemental allegations, in one pleading.

Plaintiff is reminded that an amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, the Court advises Plaintiff that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220, and should be filed within **thirty (30) days** of service of this order.

///

///

Accordingly, the Court HEREBY ORDERS that:

1. Plaintiff's proposed supplemental complaint, filed November 7, 2018, (ECF No. 18), is DISREGARDED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff may file a first amended complaint; and
3. <u>If Plaintiff fails to file an amended complaint within the time specified by this order, the Court will screen Plaintiff's original complaint, filed on September 21, 2018, under 28 U.S.C. § 1915A.</u>

IT IS SO ORDERED.

Dated: **November 16, 2018**         /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE