# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HICKS, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01324-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

**I.　Motion for Preliminary Injunction**

Currently before the Court are Plaintiff's motion for preliminary injunction and declaration in support, filed November 7, 2018. (ECF Nos. 16, 17.) Upon review of the motion, which is more than 100 pages in length, it appears that Plaintiff is requesting that the Court issue a preliminary injunction requiring the "defendants, their successors in office, agents, and employees and all other persons acting in concern and participation with them" to ensure that Plaintiff's First Amendment rights are protected, including freedom from intimidation, threats,

1

harassment, and using other inmates to carry out assaults against Plaintiff for exercising protected conduct. In addition, Plaintiff requests that the Court order CSP-Corcoran's hiring authority to arrange for Plaintiff to be afforded the opportunity to exhaust his administrative remedies, and Defendants Hicks, Alcantar, Mcintyre, Baylon, and Sanchez be ordered to keep away from Plaintiff while this civil action proceeds. (ECF No. 16, pp. 7–9.)

### A. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

**B.      Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits.[1] In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, while the Court takes Plaintiff's assertions regarding his fears of retaliation seriously, the Court at this time lacks personal jurisdiction over any defendants or any officials at CSP-Corcoran, and it cannot issue an order requiring them to take any action.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. E.g., People v. Brewer, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioners prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that this action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

///

---

[1] Plaintiff filed a proposed supplemental complaint together with his motion for preliminary injunction. (ECF No. 18.) That filing is addressed by separate order.

3

**II.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 16), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 16, 2018**                    /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE