Plaintiff's Name ANTOINE L ARDDS
Inmate No. P59915
Address P.O. BOX 2000 [HCIT DS]
California Medical Facility
Vacaville, CA 95696-2000

RECEIVED
DEC 05 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

FILED
DEC 05 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____ DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE L. ARDDS
(Name of Plaintiff)

1:18-CV-01324-LJO-BAM
(Case Number)

vs.

D. HICKS
J. ALCANTAR
J. MYCITYRE
D. SANCHEZ
R. SEVERENS
J. AMAYA    (et al.)

(Names of all Defendants)

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

[✓] **42 U.S.C. 1983 (State Prisoner)**

[ ] **Bivens** Action [403 U.S. 388 (1971)] (Federal Prisoner)

**I. Previous Lawsuits** (list all other previous or pending lawsuits on additional page):

   A. Have you brought any other lawsuits while a prisoner? Yes X No____

   B. If your answer to A is yes, how many? 3

   Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

   1. Parties to this previous lawsuit:

   Plaintiff ANTOINE L. ARDDS

   Defendants FRANK CONSTANCIO et al.

   2. Court (if Federal Court, give name of District; if State Court, give name of County)
   EASTERN DISTRICT COURT - SACRAMENTO

   3. Docket Number 2:17-CV-00679   4. Assigned Judge EFB

   5. Disposition (Was the case dismissed? Appealed? Is it still pending?)
   SETTLED - ON MAY 5, 2018

   BUT OF 3
   [1 OF 25]

Antoine L. ARDDS
P59915
California Medical Facility
P.O. Box 2000 [HCITC-D5]
Vacaville, CA 95696-2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFONIA

ANTOINE L. ARDDS,
(Plaintiff)

v.

D. Hicks, et al.,
Defendants.

JURY Trial DEMANDED

1:18-CV-01324 LJO- BAM

AMENDED CIVIL RIGHTS COMPLAINT

( 42 U.S.C. § 1983 )

( ~~42 U.S.C. § 2000~~(d) )

Plaintiff Antoine L. Ardds, declare as follows:

VERIFIED AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

JURISDICTION AND VENUE

1. This is an amended civil action brought by a California State Prisoner, Under 42 U.S.C. § 1983, in which to redress the deprivation under color of state law of the rights secured by the United States Constitution.

2. This Court has jurisdiction Under 28 U.S.C. §§ 1331 and 1343 (2)(3). This Court also has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

///

3. Plaintiff Antoine L. Ardds, seeks declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff Claims for Injunctive relief are authorized by 28 U.S.C. § 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure.

4. The Eastern District of California is a proper venue, under 28 U.S.C. § 1391(b)(2), because it is where the events giving rise to this claim occurred.

<u>PARTIES</u>

5. Plaintiff Antoine L. Ardds, is and was at all times relevant here in a California Department of Corrections and Rehabilitation, State Prisoner, who was at all times herein of this complaint housed at California State Prison - Corcoran, and Now currently rehoused at The California Medical Facility, in Vacaville California.

6. Defendant D. Sanchez, was at all times mentioned herein, Employed by The California Department of Corrections and Rehabilitation, at CSP-Corcoran, who at all times relevant held the rank of a Correctional Counselor II., who was acting under color of State law, and is sued in her individual and Official Capacity.

7. Defendants D. Hicks, A. Baylon, J. Alcantar, and J. MycIntyre are Correctional Officers, and Employees

of The California Department of Corrections and Rehabilitation who were at all times herein mentioned employed at CSP-Corcoran, who were each acting under the Color of State law, and is sued in Each of their individually and official Capacities.

8. Defendant J. Amaya was at all times relevant herein a Employee of California Department of Corrections and Rehabilitation, who held the rank of Correctional Lieutenant, and Employed at CSP-Corcoran, who was also acting under Color of State law, and Sued in his Official and individual Capacity,

9. Defendant R. Severens, was and is at all times relevant herein a Correctional License Social Worker for The California Department of Corrections and Rehabilitation, employed at CSP-Corcoran, who was acting under State law, and is sued in his Official and individual Capacity,

10. Each individually Named defendant is being sued in his/her individual and official Capacities. And at all times relevant herein this Complaint was acting under Color of State law.

PREVIOUS LAW SUITS

///
///

[ 4 OF 25 ]

1. Parties: ARDDS V. HODGE, et al.,
2. Case #: 3:16-CV-2904 WQH-BLM
3. Results: Settled on May 5, 2018

1. Parties   ARDDS V. PIZANO et al.,
2. Case #:   3:15-CV-00686 JC
3. Results:  Settled on May 5, 2018

## STATEMENT OF FACTS

### Substantial Risk of Harm
(September 2, 2017 through October 2017)

11. On September 2, 2017, arrived from Richard J. Donovan Correctional Facility, to California State Prison Corcoran, due to several staff misconduct and litigation against officials at that institution and CDCR officials.

12. Plaintiff was housed upon his arrival to CSP-Corcoran in it's CTC-Mental Health Crisis Bed after experiencing a severe claustrophobic reactions from crisis episodes marked by flashbacks to previous traumatic events, from his previous institution (RJD) which precipitated his Post Traumatic Stress Disorder.

13. In October 2017, Plaintiff was rehoused in CSP-COR-(3B02-118) 3B-Facility, and allege that due to his participation in several staff complaints and litigation against CDCR officials, he became a target of reprisals.

14. Plaintiff was continuely scheduled for RUR's, and Appeal Grievances interviews with Previous institutions which he had active litigations and stuff Complaints against. Plaintiff believes that it was during these E-Mails and Phone Call to Defendants Hicks, Sanchez and Amaya that Prompted Them to Flag him as an Inmate who likes to writes up and sue stuff.

15. This has also prompted their sudden harassments, intimidation, Threats, and use of other Persons in Prison as a vehichle and instrument of attacks and assaults. which lead to the November 9, 2017 vicious assault by Plaintiff Cellmate. who struck him in the Face, causing severe injuries, to his right eye, nose, and Lips, from being hit from behind with a state cup.

16. This Information is what Prompted Defendants Hicks and Amaya, to began instigating other Inmates, by Starting rumors of Plaintiff Commitment Offense with the office Porters, both were aware that such act would More than likely incite other Prisoner to attack and assault Plaintiff. in which occurred to him on November 9, 2019, when he was Viciously attack and assaulted by his cellmate, sustain his severe injuries To his right eye, Lips and nose are,

17. On or about October 30, 2017 Defendants Hicks and Amaya had informed Defendants Alcantar and MYCIntyre —

that Plaintiff likes to sue and write up officers.
and to check out his C-File, This is what Prompt[E]d
Defendants Alcantar and MycIntyre to began to display
to their Unit Porters From the Unit Computer Plaintiff's
Confidential Privileged information.

18. This was done to incite other Prisoner to attack
and assault Plaintiff, as Each defendants intented
efforts to Punish him for his Cuirne, and Silence his
Complaints against CDCR-Officials.

19. On or about October 31, 2017 or there after Defendants Hicks
and Amaya were designated for housing and Cell Assign-
ment on CSP-Corcoran 3B- Facility.

20. Each Defendant were aware of the Substantial
risk of harm Posed to Plaintiff by assigning
an Prior Assaultive inmate into Plaintiff's Cell.
Even when they Process Knowledge through their
own Documentions of Similar assaults by Inmate
T. Hall with a State Cup upon other Inmates at
CSP-Corcoran.

21. Defendants Hicks and Amaya informed Defendants
Alcantar and MycIntyre, that they were reassigning
Inmate T. Hall to Plaintffif's Cell, Even Though they were aware
of (15) unoccupies cells in (3Bc2) on or about
©ctober 31, 2017 in which to house This Inmate.

22. On or about October 31, 2017 or there after Plaintiff was informed by Defendants Alcantar and McIntyre to inspect a "celly" soon. At approximentily 1300 p.m., or there after.

23. Plaintiff informed both Defendants Alcantar and McIntyre that the cell placement of a cellmate would Undoubtedly pose a Threat to plaintiff's safety. Plaintiff displayed his CDCR 128(b) and (G)'s, Appeals and court documentats of his complaints against Staged assaults.

24 Defendants McIntyre and Alcantar both stated Plaintiff could either accept his "celly" or be written up, and will still be forced to accept his cellmate. Plaintiff continued to address this matter, and was told to take it up with his cellmate when he arrives.

25. Defendant Baylon who was suppose to be in Unit 3B02 Escorted Inmate Hull into Plaintiff's cell, at approximentily 9300 pm or there after. Defendant Baylon participated in instigating and inciting this Inmate to assault Plaintiff, by releasing his confedential Privileged information to him during their walk over to unit 3B02. On or about October 30, 2017 or there after.

///
///
///

26. [A]t all times mentioned in this complaint, Defendants each of and all of them, were active agents of the other, while acting within the course and scope of this agency "Green wall"s, and therefore all alleged acts to have been committed by any one of them, were committed on behalf of every other defendant, and committed in union of that agent or agency, in which to carry out each unethical acts, stated here to and hereafter.

## Substantial Risk of Harm

27. On November 2, 2017, Defendants Severens and Sanchez were informed by plaintiff of his fears of being set up by CSP-Corcoran -3B- official for being an active participant in several civil actions against CDCR officials.

28 In October 2017, through November 9, 2017, Plaintiff made several requests to Defendant each of them, for single cell placement due his history of CDCR officials staging in cell assaults by cellmates.

29. Defendant Sanchez reported her acknowledgement and awareness of such threat posed to plaintiff in his U.C.C. Hearing, and his "CDCR 128(b) Chrono" dated November 2, 2017. Even with such knowledge, Defendant Sanchez, ignored the risk factors and failed to intervene to safeguard Plaintiff.

///

30. Plaintiff alleges, that due to the deliberate indifference of Defendants Sanchez and Severens, to Protect against assaults of other Prisoners. On November 9, 2019 he was viciously assaulted by his cellmate Inmate T. Hall.

31. As a result of such assault, Plaintiff sustained severe facial injuries, to his right eye, lips, and nose area, from being struck by Inmate T. Hall from behind with a state Plastic Cup.

32. Defendants Sanchez, Severens, Hicks, Alcantor, McCintyre, Amaya and Baylon were aware of This Inmate's Previous similar assaults upon cellmates with state cups. Plaintiff believes and alleges that Defendants Hicks, and Amaya were in charge of the Inmate cell and housing Assignment, and intentionally Place this inmate into his cell, in retaliation for his maintaining litigations against several CDCR-Official, and Plaintiff's Committment Offense.

33. Plaintiff alleges that Defendants Alcantor, McFutire, and Baylon were aware of the unethical actions and substantial risk of Harm posed to Plaintiff, but to Participate with intended efforts to punish and silence his Complaints against CDCR-Officials.

34. As a result of Each defendants actions. Plaintiff was viciously assaulted by his cellmate on November 9, 2017.

35. On or about October 2017 through November 9, 2017, Defendants Severens, Sanchez, Hicks, Amaya, had previous knowledge of the substantial risk of serious harm posed to Plaintiff through their access to his Central Files SOMS.

36. Plaintiff alleges that due to each defendants', each of them, to comply with the Departmental Operations Manual, procedures, policies and regulations, which governs inmate Housing Assignments,

37. Plaintiff alleges, that due to such failure of defendants to appropriately assigned him with a compatative cellmate, he was viciously assaulted, on November 9, 2017, by his cellmate T. Hall, who struck plaintiff in the face several times with a hard State Plastic cup.

38. Plaintiff sustained sever injuries to his right eye, nose area, and lips, which required x-rays to be taken later.

Failure to Protect

39. Plaintiff alleges that on January 19, 2016, CDCR Director and Secretary, sent a memorandum to all CDCR Wardens and Associate Directors addressing inmate housing assignment considerations during

[11 OF 25]

the screening and housing process.

40. On or about October 2017 through November 9, 2017, Plaintiff actually supplied Each Defendant, Each of Them with a copy of This Memorandum, which to reiterate and clarify their obligations to consider the vulnerabilities of inmates with mental and medical Health conditions or severe developmental disabilities when determining whether to grant single cell status under the Departmental Operational Manual.

41. Plaintiff content that he had demonstrated on several occassions through departmental evidence (602's, CDCR 128(b)-G. and civil actions) that he fits each set forth criteria in the January 19 2016 memorandum.

42 Plaintiff alleges That On or about October 2017 through November 9, 2017 that each of these factors were intentionally ignored by defendants, Hicks, Alcantar, Sanchez, Severens, Amaya, Baylen, and MycIntyre due to their feelings about his Committ Offense and his participation in civil suits and Staff complaints against CDCR- officials.

///

///

///

43. Plaintiff further allege that defendants Hicks, Sanchez, and Amaya, ignored the length of Plaintiff's sentence, enemies, victimization history, his vulnerability due to medical and Mental Health and disabilities, history of in cell assaults and/or violence, Nature of commitment offense, "R" suffix or "s" suffix determination and disignated ~SNY~ Protective Custody due to fitting such Criterias Stated above.

44 Due to Each defendants Each of them failure to comply or implement an assessment of these criterias, he was was viciously assaulted with a hard state Plastic Cup from behind by Inmate, T. Hall On November 9, 2017.

45. At the times of the attack, plaintiff was in the medication line when the assault occured. Plaintiff asserts that this attack was unprovoked and that he had never met or had any words with Inmate Hall Prior to this cell as assignment and November 9, 2017 assault & Battery.

Allegation re: Use of Other People in Prison, as vehicles and Instruments OF ASSAULTS: NOVEMBER 9, 2017
( USE OF Inmate T. Hall as that Instrument OF Assault )
''
'''

46. On November 9, 2017, at approximently 8:00 p.m., while awaiting for medication in the -3B02- medication line. Inmate T. Hall, his cellmate. Came behind him striking Plaintiff with a hard State plastic cup several times to his face, causing severe injuries to his right eye, nose, and lips, which later required x-rays.

47. Plaintiff claims that the attack and assault was unprovoked by plaintiff, because defendants Hicks, Sanchez, Alcantar, McEntyre, and Amaya, who had prior knowledge of Inmate T.Hall's, Similar previous assaults, and "STG" affiliation to the SNY 2-sers.

48. Plaintiff alleges that defendants Alcantar and McEntyre were position in between both medication carts station in the middle of the entry of -3B02-, where they had a bird's eye view of the November 9, 2017 attack and assault upon him by his cellmate from begining to end.

49. On December 19, 2017, at approximently 7:00 p.m., or there after, Plaintiff requested that his Inmate and Staff witnesses be called.

50. The Senior Hearing Officer was given questionaires to be asked. which asked, "if he or she witnessed Inmate Hall Strike Plaintiff in his face several Time's?"

[ 14 of 25 ]

51. Defendants Alcantar and McIntyre offered Inmate Hall's use of the State Cup, without being asked if such weapon was ever used, by the Hearing Officer's questionin, prepared by plaintiff to corroborate statements of other Inmates Testimony that he was not fighting but attacked.

52. Plaintiff alleged On or about October 30, 2017 through November 9, 2017, Defendants Amaya, McIntyre, Hicks, and Amaya, conspired with each other in using Inmate Hall as their vehicle and instrument to carry out the Assault on plaintiff on November 9, 2017, by intentionally placing Inmate Hall in his cell, in retaliation for his exercising of a Protective Conduct, maintaining civil suits and Grievances against CDCR-officials

53. Plaintiff alleges that each defendant each of them had access to the deparment's compute in which to evaluate his housing, cell, and safety criterias, Defendants Hicks and Amaya were assigned to housing Inmates. But Defendant Sanchez had the last say as the acting captain during October 2017 through November 9, 2017.

Exhaustion of Administrative Remedies

54. On November 27, plaintiff filed his first appeal/grievance complaining the failure of Defendant Sanchez to honor his single cell

[15 OF 25]

Placement request, On December 19, 2017, Plaintiff was brought before Defendant Sanchez, for his Appeal/Grievance hearing. Plaintiff informed her that This was a conflict of interest, in which he was Threaten with reprisal.

55. Plaintiff alleges that this was intended to intimidate, Threaten him, and force him to withdraw the Grievance/Appeal against Defendant Sanchez. Upon being forced to withdraw his appeal/grievance, Plaintiff stated in (H) Section of that Appeal that he would better address the issues about the November 9, 2017 assault on another appeal.

56. On December 28, 2017, both Defendants Sanchez and Severens were given a Inmate Request for Interview CDCR Form 22, requesting Single Cell Placement.

57. Plaintiff informed both defendants of the Possible use of Cellmates by CSP-Corcoran-3B-Officials as instruments of assaults in Retaliation for filing Civil actions and witnessin's the abuse of authority and discriminatory action by CSP-COR-Officials against the 3B-facility Mental health Population, On or about October 2017 through March 29, 2018.

58. On January 3, 2018, Plaintiff filed his second grievance/appeal addressing the November 9, 2017 failure to Protect against the assault by his cellmate Inmate T. Hall.

59. Plaintiff allege that defendants Hicks, Amaya, and Sachez, and their agents delayed and obstructed the process, making his administrative remedies unavailable.

60. Plaintiff also alleges that defendants retaliated against him in his efforts to resolve the matter through proper investigation or obtain evidentiary corroboration of his requessed Stuff and inmate witnesses during his December 19, 2017 disciplinary hearing of the Charge of fighting. The hearing was held at approximently 7:00PM

61 On January 4, 2018, Plaintiff Submitted his Inmate Request for Interview CDER 22 Form to Defendant Severens, informing him of Plaintiff fears of Cellmate assaults and retaliation from CSP-Corcoran Officials.

62. In response to Plaintiff's request, Defendant Severens attempted to mislead him in regards to Department criteria for Single Cell Status, referencing an out date- Non-existing memorandum from September 2011. Upon request of such Production of document Defendant failed to Produce.

63. On March 5, 2018, Plaintiff received his grievance back, but it was not in it's Orginal form. Plaintiff allege that defendants Hicks, Sanchez, and Amaya, attempted to manipulate the appeals process until Plaintiff refiled his Appeal on March 7, 2018 as Instructed.

Disability Accommodations : Deliberate Indifference

March 29, 2019 illegal Cell move.

64. On March 29, 2018, in retaliation for Plaintiff filing complaints against CSP-COR-3B- defendants in this Complaint, and bring attention of an assault and battery or possible death of another inmate by several CDCR-CSP-COR-officials on February 17, 2018. And The intercepted Office of Internal Affairs Correspondence by CSP-Corcoran officials on February 22, 2018.

65. Defendants Sanchez, Hicks, Alcantar, McIntyre, Severens Amaya, and Baylon attempted to remove plaintiff from the Ehanced Out Patient Housing Unit, Higher level of Mental Health Treatment, into a general Population unit that was not of his assigned or desinated Mental Health Care level.

66. On March 29, 2018, Plaintiff gave notice to 2nd Watch unit 3B02- Floor officer of his need to speak with his clinician Defendant Severens regarding his suicidal Ideations at approximently 1:15 pm.

67. At approximently 1:57 p.m., Plaintiff's next door neighbor (3B02-130) overheard his request and statements of using a razor due to feeling suicidal, this Inmate informed both Defendants Alcantar and McIntyre of Plaintiff slicing and cutting his throat and neck in a suicide 28

1   attempt.

2

3   68. Defendants Alcantar responed and handcuffed Plaintiff,
4   Seating him at the middle "B" section day room table to
5   be evaluated by the Medical First Responders,

6

7   69. Plaintiff was later escorted by his designated
8   Security escort to sit on him during his mental and
9   medical Health Care evaluation at CTC- by the designated
10   LVN's RN, and Chief Psychiatrist.

11

12   70. At approximently 4:35 p.m., CTC-CSP-Corcoran
13   Chief Psychiatrist made a call to defendant Amaya,
14   requesting that Plaintiff be Placed on single cell
15   status when he return back to his assigned cell (3B02-13

16

17   71. Defendant Amaya, agreed, with the chief Psychiatrist
18   only to get plaintiff out of the secured Protection
19   of Mental Health Chief Psychiatrist or Placement
20   into Mental Health Crisis Bed.

21

22   72. While awaiting further evaluation, Plaintiff Security
23   Escort Officer conducted a check to ensure that
24   Plaintiff would be returing back to his assigned cell
25   (3B02-131) as a single cell Placement.

26

27   73. At approximently 4:45 p.m. This officer confired that
28   Plaintiff Shall return as single cell as he return to his assigned cell

74. On March 29, 2018, at approximently 4:48 p.m. Plaintiff was released back to his assigned unit and cell (3B02-131) and escorted by Security Escort Officer W.

75. Upon his return to Unit (3B02) his assigned Unit, Plaintiff and his escort was informed by Defendants Alcantar and McIntyre that Plaintiff has been reassigned to (3B03-121) a CCCMS and General Populated housing unit not his Departmental Designated E.O.P. Mental Health level of Care Unit.

76. Plaintiff was supposed to remain housed in a designated E.O.P. Treatment Program Unit. The escort proceeded to escort Plaintiff to (3B03-121) his newly assigned housing unit and cell, which was unoccupied.

77. As Plaintiff entered, his escort stated "Ardds This doesn't look right" as Defendant Baylon and a John Doe officer walked another inmate into the Unit handcuffed behind his back toward Plaintiff's cell.

78. Plaintiff kneeled in front of cell (3B03-121) informing Defendant Baylon that he was suicidal and felt unsafe to be housed with anyone. Plaintiff was handcuffed and tooken outside in front of the Program Office where he was Threaten abuse, assault, and refused Suicidal assessment evaluation.

79. Defendants Amaya, Baylon and Hicks refused to acknowledge Plaintiff request for a mental health suicide watch Placement. Due to the continued threats of harm and the intimidation by Defendants Hicks, Amaya, and Baylon, Plaintiff was forced to agree to return to Unit (3B03-12).

80. Once back in Unit (3B03) Plaintiff observed that the inmate was already in the cell (3B03-12) and had regeded the cell door shut, to prevent custody from opening the cell door.

81. Defendant Baylon stated that he would force Plaintiff into the cell, if he have to. plaintiff was still cuffed, and the inmate was not.

82. Once the tray slot was open, This inmate Placed two razors on the tray slot, pointing at Plaint Them for Plaintiff to see. stating to Defendant Baylon that Plaintiff would not be coming into the cell, and displayed a prison knife/ Shank, Yell, "You see It".

83. Plaintiff was Placed Into "B" section shower at Unit (3B03) while the Third Watch Sergeant attempted to manipulate the situation with this inmate.

84. Plaintiff's Escorting Officer Notified cre-chief

Psychiatrist, who informed the Central Control
Watch Commander that Plaintiff was being forced
to house in the inappropriate Mental Health
Treatment Unit. Plaintiff was later reassigned back
to E.O.P. Unit (3B02-131C) his original designated cell and
Unit

85. Upon being reassigned, Plaintiff informed
Defendants Alcantar and McEntyre of his suicidal
ideations, because he was feeling stressed out, and
depressed. Defendants continued to ignore Plaintiff's
mental health concerns.

86  Plaintiff has been well informed that Psychiatrist
Sent both subordinates Psychologist or psychiatrist,
to remove Plaintiff from the unsafe environment.

87. After informing on March 29, 2018 at approximently
8:00 pm, of his suicidal Ideations They both Informed
and Instructed Defendants McEntyre and Alcantar
to place Plaintiff in 3B02- B Section shower.
he was later escorted to CTC-MHCB.

88. Plaintiff alleges that the removal of him from
his Designated E.O.P. Treatment Program, was an
conspired effort between Defendants, Hicks, Alcantar,
Baylon, McEntyre, Sachez, and Amaya, to silence
his complaint to the Internal Affairs officials.

Equal Protection

89. Defendants Hicks, Baylen, Alcantar, Sanchez, Amaya, Severens and MycIntyre, each of them, have engaged in acts of discrimination against Plaintiff base on his Mental Disabilities and Commitment Offense.

90. When On or about October 29, 2017 through March 29, 2018, Defendants Hicks, Baylen, Amaya, Alcantar, and MycIntyre continued to attempt to instigate and incite or Provoke other Mentally Disabled inmates to attack and assault Plaintiff by releasing Confidential Privileged C-File Information to them.

91. Plaintiff further alleges that number of events have continued to occur with Plaintiff, and other mentally disabled inmates that should have raised concerns about CSP-Corcoran-3B+2- and 3B-a)-unit, as well as Defendants continuing to engage in a custom and Pattern of using other othe Prisoners as the vehicle and instrument of their assaults upon Plaintiff in retaliation for filing Complaints, and Advocating for those inmates who are incompentent to address their issues, or Pass on clue to such custom of abuse of Authority. It became hard for Plaintiff not to be that voice, when Those who are to discipline such behavior also Participates in it's cover ups.

92. Plaintiff alleges that Defendants Hicks, Sachez, Alcantar, Amaya, McIntyre, and Baylon, failure to act upon the substantial risk of harm posed to Plaintiff on or about October 2017 through November 9, 2017, when Plaintiff was viciously assaulted by his cell mate with a state cup, causing severe to his right eye, Nose, and Lips, amount to the deprivation of Plaintiff right to, reasonable Protection from assault and attacks from other People in Prison, harassments, Threats, or intimidation as Provided in the Eighth Amendment and The (BANE Act. Cal. Civ. Code § 52, 1)

93 Plaintiff alleges and believes the each Defendant had a obligated duty under the Eighth Amendment Prohibition of Cruel and Unusual Punishments to Protect Prisoners from violence at the hands of Other Prisoner because being violently assaulted in Prison is simply not Part of the penalty Criminal offenders pay for their offenses against Society, and Defendants donot have jurisdiction to Play Judge or Jury.

94. On or about October 30, 2017 through November 9, 2017, Defendants each of them refused to protect plaintiff from a substantial risk of harm, when he was attack by his cellmate who Each defendant were aware for his previous similar assaults with use of a state Cup as his weapon. and his tenties of attacking cellmates from behind.

///

//,

95. [A]t all times mentioned in this Complaint Each
Defendant was the agent of the other, while acting within
the Course and scope of this agency ["Green wall|cars"]
and, that all acts alleged to have been Committed on
on behalf of every other defendant, were committed
in vion of that agent or agency in which to
Carry out the unethical acts herein after alleged.

96. An actual Controversy exist between Plaintiff and
defendants Concerning their rights, Privileges and Obligation

PRAYER FOR RELIEF

97. Wherefore, Plaintiff respectfully pray for relief
as follows:

(1). Award Plaintiff monetary damages, Compensatory
and Punitive, in an amount to be determined at Trial;

(2). Award Plaintiff the Cost of suit

3. Grant Plaintiff such other and further relief as the
Court deems Just and Proper.

Date: December 1, 2019                    Respectfully Submitted

                          PS9915 Antoine L. Ardds
                          Pro se  /s/ Antoine L. Ardds

1:18-CV-1324 LJO-BAM

EX PARTE MOTION

Antoine L. Ardds
P59915
California Medical Facility
[HCITC-DS]
P.O. Box 2000
Vacaville, CA 95696-2000.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ANTOINE L. ARDDS,
                    Plaintiff,

        v.

D. Hicks, et al.,
                    Defendants

1:18-CV-1324-LJO-BAM

PrePOSED
EX PARTE MOTION

Antoine L. Ardds declares as follows:

The following facts are matters of my own
Personal knowledge and, if sworn, I could testify
Competently to them if Gall upon in court in
which to testify Honestly and sincerely under
oath.

I am receiving higher level of Mental Health Treatment
At the California Medical Facility in Vacaville due
to Several suicide attempts due to reprisal from
CSP-Corcoran Defendants Hicks,

"On November 5, 2019, I received notice from my
Advocates that they Tried to obtain my Property
To be sent to me Due to such actions Pending
in This Court. They have been informed by
CSP-Corcoran's RnR that the Property office at 3B-
Facility, P. Patterson was out on medical leave,
and that inmate's inventory Property.

I am requesting assistence from the court to Contact CSP-Corcoran's Litigation Coordinator, or Warden Ken Clark about Sending my Property to CMF I am in Treatment here for at least Seven Months. And this case and others are becoming active.

On November 6, 2017, I arrived at California Medical Facility from The California Health Care Facility-Stockton, with one legal box.

I informed C/o M. Williams that I need it as she began escorting me to the 64 bed. She Stated if I wish to remain in the Holding Cell, keep asking for my legal property.

Upon leaving one Correctional Officer kept requesting information about my criminal history which was out of the Norm.

On Several Occassion Mental Health Supervisors Try to obtain my legal box from Custody Only to be told I have not arrived with Property

On November 18, 2019, once I began speak of getting Sacramento involved C/o M. Williams went straight to the location of my legal box, stating some officers do dumb "sxxt".

Once my property was Given to me. I notice That the box and bag was torn open, and my legal and Grievances regarding this Case were missing. my Gold Framed EYE Glases Transcendent Set. were missing also. Both it to the attention of Mental Health Supervisor. In which Two Appeals are Pending Now.

See Attachments:
(1) Two Inmate Request for Interview CDCR Form 22
(6) Page Appeals CMCF-M-19-05042

Defendants have E-Mail a friend to have them destroy such supportive evidence, I recently received The Appeals from The Third level Exhausting all Appeals pending. This can and will be clearified on my In coming and Out going legal &DCR 119 Form from Corcoran on July 31, 2019 through August 27, 2019 and CMCF-PIP- August 27, 2019 through November 6, 2019.

EXCUTED in Vacaville, California, December 1, 2019

~~I declare That~~
I declare under penalty of perjury the foregoing is true and Correct to the best of my abilitie and knowledge.

Date 12/01/19

Antoine L Ardds
Pro se P54915
Antoine L. Ardds

EXHIBITS

(A)

CONFIDENTIAL LEGAL DOCUMENT – PRIVILEGED COMMUNICATION

November 5, 2019

Antoine Ardds
P59915
California Health Care Facility - Stockton
P.O. Box 32050 [B2B109]
Stockton, CA 95213

**RE: New Correspondent, Medical Records, Clarifications, Transfer Request, Property, Meetings**

Dear Mr. Ardds,

First, thank you for letting us know about the false claims against Psych Tech Thompson. We will keep that in mind for any future correspondence that mentions her.

Second, I am writing to tell you that we have requested your medical records so that a PAN doctor, Dr. Weinstein, can review your medical care and mental health treatment. This will allow us to target our demands to CDCR, and be most effective. Unfortunately, our medical release form on file does not encompass the entire date range we need. As you can see, it stops giving us permission well before today! Can you please fill out the enclosed medical release form, and give us permission to access your files until say, August 30, 2021? That should give us plenty of leeway to work on your issues with you. In the meantime, please make sure to keep going to your appointments, filing grievances where necessary, and appealing. I know you know this, and do this already, but it bears repeating. We are most effective when we work together!

Third, you recently asked us for the "Auditors Reports" regarding Stockton and Corcoran. Can you tell me more about these documents? I looked through the state auditor's reports, and most of them are about topics (e.g. a report on the inmate suicides, or health care technology). They are not about individual facilities. On the other hand, California compiles reports about prison violence, as part of its obligations under the Prison Rape Elimination Act (PREA). Those are individualized reports. However, they are over 90 pages each, beyond our ability to print the entire thing and send. Can you tell us more about what reports you are after, and what information within those reports?

Fourth, I am working on your transfer request to Mule Creek or Salinas. I have enclosed the first draft for your review. As you can see, I am emphasizing the over crowdedness of

# Prisoner Advocacy Network

National Lawyers Guild, San Francisco Bay Area Chapter
Supervising Attorney Jesse Stout, CBN 284544
558 Capp St., San Francisco, CA 94110
Tel. (415) 285-5067, Fax (415) 285-5066, Email pan@nlgsf.org

CONFIDENTIAL LEGAL DOCUMENT – PRIVILEGED COMMUNICATION

Stockton, the lack of adequate medical treatment (a Level III facility has more options for you), and family connections. Please let me know what you think!

Fifth, I spoke with Corcoran's RnR office about your property. I spoke with a CO Wilson, who said that:
1. CO Patterson is out on medical leave.
2. Prison staff do not inventory inmates' property upon transfer, inmates do, so he could not provide me with a 1083.
3. Wilson did not have an inventory or a 1083 for your property.
4. Your property didn't transfer because of your mental health classification. Stockton won't accept your property until you're in a different program. If Corcoran sent it with you, CHCF would simply send it back.
5. Wilson could not locate your property in the RnR office, and said that CO Patterson must have it somewhere else. Wilson was unable to clarify where that might be, simply that Patterson has it somewhere else.
According to Hannah, most of this violates CDCR policy, so I will be researching that so I can draft an advocacy letter on your behalf.

Sixth, the following are all on my to-do list:
- I am working on a letter to request meetings with the Warden and PA Cunningham about the lack of treatment.
- I am also drafting the declaration you requested regarding Corcoran RVRs/Appeals
- I am working on a letter to Warden Clark regarding the A&B investigation against Hicks and Alcon

Seventh, the Jailhouse Lawyers handbook is too big for PAN to print by ourselves. I will see if the National Lawyers Guild can send you a copy, but I cannot make promises on their behalf.

In Solidarity,
/s/ Griffin Brunk
PAN Advocate
Under the Supervision of Jesse Stout, Esq. CBN 284544
Enclosures:
1. Self addressed, stamped return confidential legal mail envelope.
2. Blank medical release
3. Draft Transfer Request
4. Three legal mail envelopes

*- Title 15 -*
*Article 8.5 72 hrs response required*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST ( DOM § 41020-3 )

| NAME (Print): (LAST NAME) Ardds | (FIRST NAME) Antoine | CDC NUMBER: P 59915 | SIGNATURE: Antoine Ardds |
|---|---|---|---|
| HOUSING/BED NUMBER: HCITC-C13 | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): Access to Court |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
I am requesting Compliance with Departments policy and procedure as defined in Article 8.5 written Responses. I filed a Inmate Request for Interview on November 7, 2019 in regards of legal Property. I am request for such property again, Due to current deadline's in regards to Appeals, and civil suits. I am requesting the opportunity to Exhaust my previous Administrative Remedies. If it is your Policy or custom in which to hinder such rights, Please Explain ☆

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: 11,13,19

☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: SAVALAN | DATE: 11.11.19 | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: HCITC- 64 Bed 64 Bed IPTT MEMBERS | DATE DELIVERED/MAILED: November 13, 2019 | | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: A.VASQUEZ | DATE: 11/14/19 | SIGNATURE: | DATE RETURNED: 11/14/19 |
|---|---|---|---|

Requested via email to property officers on 11/13/19 to provide 1083 or property box so that legal work can be provided.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

_____
_____
_____

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

_____
_____

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Wednesday, November 13, 2019*

*ARDDS, P59915*
*C HTCC10I3001L*

PROPERTY, 11/12/2019
Log Number: CMF-M-19-05042
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(8). Your appeal involves multiple issues that do not derive from a single event, or are not directly related and cannot be reasonably addressed in a single response due to this fact. You may resubmit the unrelated issues separately using separate appeals. Be advised that you are still subject to the submission of one non-emergency appeal every 14 calendar days.*

*Separate your issues, only one issue can be addressed on one appeal. . Submit an 1824 for your DMEs. Submit separate 602 and 602-A for our legal property and personal mail. In addition, attach any documentation such as 1083, property receipt, package receipt and any documentation supporting your claim regarding your property and mail. Also, you are requesting that an item, information or service be provided to you. As such, you need to attach a Form 22 that has been responded to through the supervisory level of review showing that your request has been reviewed by appropriate staff and denied. Once you have the completed Form 22, then attach it to a CDC 602 Form (REV. 08/09) and submit it to the appeals office.*



M. Manlicilic, AGPA
R. Gutierez, Appeals Coordinator
R. Spencer, Correctional Lieutenant
P. Marovich, Office Technician

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

Appeals Coordinator
CMF

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: [ H B P ]
Poor vision, CKD, PTSD Depression, Antisocial, Depression, Personality Disorder, NOS,

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
SOMS EHUR MEDICAL RECORDS

DESCRIBE THE PROBLEM:
This is in Response to (CMF-M-19-03592)
On November 6, 2019 I arrived from CHCF-Stockton at 1:20am with one legal box with my DME's Elbow Brace Stockings and Glasses upon docking my windows from being stressed out due Property being lost on November 19, 2019 did M.Williams went straight to where my property was once Received I notice items missing, 6-3rd framed glasses Elbow brace and legal Document with Cerison and APDDS v Hicks on them, I need a replacement of my Anti-Embolism Stockings, Elbow brace and APD Gill framed Transcendent Glasses, and missing legal Documents, 6-2's Correspondence legal letters CDCR-a which all bear the name Hicks and Cerison on them, Several Supervisor have attempt to Locate my missing property before the filing of this Complaint (Use Vasquez)

_Anthonio Hicks_
INMATE/PAROLEE'S SIGNATURE

11/21/19
DATE SIGNED

Name (Last, First): Ards Antoine

CDC Number: P59915

UnitCell Number: HCITC-C13

Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): REQUEST FOR LEGAL PROPERTY

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): I arrived at CMF on November 6, 2019, at approximately 1:30 pm or there after, with one box of legal property. Papers and Personal Mail. I am addressing the right to exhaust Administrative Remedies.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): Request for Property. All legal property and Medical DME's. (5 Request that it be so documented that such acts and/or omission may violate (42 U.S.C.S §1985 (3) and 1985) in the case. Title 15 § 3191(a)

Inmate/Parolee Signature: Antoine Ards    Date Submitted: 11/11/19

☑ By placing my initials in this box, I waive my right to receive an interview.

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☑ No, I have not attached any supporting documents. Reason: Upon Arrival No
CDCR 1083 was ever given upon request I was
Treated to either move to the 64 Bed, or remain
in the case. Title 15 § 3191(a)

---

C.  First Level - Staff Use Only
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.    Date: 11/12/19
☐ Rejected (See attached letter for instruction)   Date:
☐ Cancelled (See attached letter)   Date:
☑ Accepted at the First Level of Review.
Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

First Level Responder: Complete a First Level response.  Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____   Interview Location: _____
Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name)   Title: _____   Signature: _____   Date completed: _____
Reviewer: _____ (Print Name)   Title: _____   Signature: _____

Date received by AC: _____

CC2 11/11/19

Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes   ☐ No

S T A F F    U S E    O N L Y

INMATE APPEALS
NOV 12 2019
CMF

AC Use Only
Date mailed/delivered to appellant   /   /

can not (complete) during my legal property is being (withheld) for 30 to 60 days. I am also an active participant in (several) civil matters and need such documents in which to complete the process to address such matter within the Eastern District Court. [ARPDS v. Hicks, et al, 1:18-CV-01329-LJO-BAM] & [ARPDS v. MARTIN, et al.] I have informed the R&R Sergeant upon my arrival and the Treatment Team of such matters. Each has ignored such request, it is the duty of this department to protect the United States Constitution and breach, or violation of the Constitution in which you (vowel) to protect, become a (Factor) of oath pursuant to Title 18, and Dams 3R3&3R3.3 [CODE OF ETHICS"]. I am required pursuant to 42 U.S.C.s 1997e(es) to Exhaust Available Remedies by such hindrance of such Application of law (by the denial) set-forth in policy, procedure and custom, may have have had an adverse affect upon my (constitutional) Rights

Inmate/Parolee Signature: _Antonio A. Ash_　　　Date Submitted:

12/11/19

I have an active case (ARPDS v. Hicks et al)., 1:18-CV-01329 (JO-BAM) and need my Legal documents as defined in Title 15 §§ 3160 & 3161 Article 6.

Request for compensation for Any Damages or Injury obtained through the hinderance of Exhaustion of Administrative Remedies, or Dismissal, of Civil Suits

Inmate/Parolee Signature: _Antonio A. Ash_　　　Date Submitted: November 1, 2019

cc: 11/11/19

S T A F F  U S E  O N L Y

INMATE APPEALS
PH-
NOV 12 2019
CMF

Name (Last, First): Ardds, Antoine     CDC Number: P50915     Unit/Cell Number: HU7C-D-5     Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

LOST/DESTROYED LEGAL PROPERTY & PERSONAL PROPERTY

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): I arrived from CSP-LA to CMF on November 6, 2016, at approximately 1015pm. With one box of legal property upon my departure from R&R I request for correctional officer to correction.

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): REQUEST for REPLACEMENT - OR COMPENSATION FOR ALL LOST/ DESTROYED PROPERTY, (2) REQUEST THAT it be so documented that every document that DON corrosion

☐ No, I have not attached any supporting documents.

Supporting Documents: **Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Inmate/Parolee Signature: _Antoine Ardds_     Date Submitted: 11/21/19

☐ **By placing my initials in this box, I waive my right to receive an interview.**

Staff – Check One:   Is CDCR 602-A Attached?   ☐ Yes   ☐ No

**C. First Level - Staff Use Only**

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date:
☐ Cancelled (See attached letter) Date:
☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant _____ / _____ / _____

S T A F F   U S E   O N L Y

A. Continuation of CDCR 602, Section A only (Explain your issue): ...continued... to retrieve my legal box, she was denied, I was threatening with being left in the Holding Cell if I continued to request, I also request for my eye glass case and a property receipt, I was given the eye glass case but nothing else as we left R&R to the 6J bed where from my arrival.)

I continued to give fair notice to c/o Salinas, SRN Butler and Unit Supervisor Vasquez, who was told by correctional officers at R&R that I did not have any property which arrived with me. On November 14, 2019, after boarding up c/o M. Williams came to my cell, stating that she will get my legal box, it's been here in the 6J bed unit all this time. Once she retrieve it from an hinder spot of custody. And gave it to me, I gave notice of the missing legal documents and other property Item #2) gold frame Glasses, SRN Butler and Unit Supervisor Vasquez has made requests thru E-mail to R&R from my RJDCR1033, It's been ignored

Inmate/Parolee Signature: [signature]                      Date Submitted:
11/21/19

B. Continuation of CDCR 602, Section B only (Action requested): Email Hicks has been twelve out of this legal Box it secured in' white Thigh High Stockings. (3) Request that I receive a Memorandum Explaining the loss of these Documents and How it came about

REQUEST that it be noted that the Unit Doctor submitted receipt to R&R Personnel on 11/20/19.

REQUEST FOR GRANTING TO Participate in the levels of Exhaustion of this Appeal.

Inmate/Parolee Signature: [signature]                      Date Submitted: 11/21/19

STAFF USE ONLY

**Case Name:** ARDDS V. HICKS et al,

**Case Number:** 1:18-CV-3904-LJO-BAM

**Court:** U.S. EASTERN DISTRICT OF CALIFORNIA

# PROOF OF SERVICE BY MAIL

I, Antoine L. Ardds declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on December 1, 2019 I served the attached: a true copy of the attached:

~~25 page AMENDED COMPLAINT A~~ PROPOSED EX PARTE MOTION w/ EXHIBITS: 602's/

AMENDED COMPLAINT 25 PAGED

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
2500 TULARE STREET, ROOM 1501
U.S. COURTHOUSE BUILDING
FRESNO, CA 93721-2201

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on December 1, 2019 at the California Medical Facility, Vacaville, California.

Antoine L. Ardds. P-59915
**Declarant**

Antoine L. Ardds
**Declarant's Signature**