**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HICKS, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-01324-NONE-BAM (PC)<br><br>ORDER GRANTING MOTION FOR AN EXTENSION OF TIME TO FILE WAIVERS OF SERVICE<br><br>(ECF No. 46)<br><br>**Waivers of Service of Process Due: December 9, 2020** |

Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Hicks, Alcantar, McIntyre, Baylon, and Sanchez for retaliation in violation of the First Amendment arising out of the alleged November 9, 2017 assault; (2) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, Sanchez, and Severens for retaliation in violation of the First Amendment arising out of their alleged attempt to improperly assign Plaintiff outside of his designated EOP mental health level of care unit and place him in an occupied cell after a direction that he receive a single cell placement; and (3) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to protect Plaintiff from an alleged assault by Inmate Hall on November 9, 2017, in violation of the Eighth Amendment.

///

On September 3, 2020, the Court ordered electronic service on Defendants Hicks, Alcantar, McIntyre, Baylon, Sanchez, Amaya, and Severens, and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a Notice of E-Service Waiver advising the Court which defendant(s) would be waiving service of process without the need for personal service. (ECF No. 40.) That order also required the California Office of the Attorney General ("OAG") to file, within 30 days from the filing of the Notice of E-Service Waiver, a separate waiver of service of process for any defendant waiving service under Federal Rule of Civil Procedure 4(d)(1). (Id.) CDCR returned the Notice of E-Service Waiver on October 9, 2020, and therefore waivers of service of process from the AGO were due on or before November 9, 2020.

On November 9, 2020, counsel from the OAG, by special appearance, filed a request for an extension of time for Defendants to file waivers of service of process. (ECF No. 46.) The OAG states that an extension is necessary so that the OAG can determine whether it can and will represent all the Defendants. Accordingly, the OAG requests a thirty-day extension of time for Defendants to file waivers of service of process. (Id.)

Having considered the request, the Court finds that there is good cause to grant an extension of time for Defendants to file their waivers of service of process. Fed. R. Civ. P. 6(b). Accordingly, the motion for an extension of time, (ECF No. 46), is HEREBY GRANTED. Defendants shall file waivers of service of process on or before **December 9, 2020**.[1]

IT IS SO ORDERED.

    Dated:   **November 10, 2020**                    /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that on October 20, 2020, this matter was set for a settlement conference before Magistrate Judge Jeremy D. Peterson on January 27, 2021 at 9:00 a.m. (ECF No. 44.) The settlement conference will also include discussions of Ardds v. Hicks, Case No. 1:19-cv-01738-SAB and Ardds v. Bobadilla, Case No. 1:20-cv-00887-DAD-SAB. The instant extension of time does not change the date of that settlement conference.