# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS, | Case No.  1:18-cv-01324-NONE-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING |
| v. | |
| HICKS, *et al.*, | (ECF No. 50) |
| Defendants. | **Responsive Pleading Due: January 7, 2021** |

Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Hicks, Alcantar, McIntyre, Baylon, and Sanchez for retaliation in violation of the First Amendment arising out of the alleged November 9, 2017 assault; (2) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, Sanchez, and Severns[1] for retaliation in violation of the First Amendment arising out of their alleged attempt to improperly assign Plaintiff outside of his designated EOP mental health level of care unit and place him in an occupied cell after a direction that he receive a single cell placement; and (3) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to protect Plaintiff from an alleged assault by Inmate Hall on November 9, 2017, in violation of the Eighth

---

[1] Erroneously sued as "Severns."

1

Amendment.

On September 3, 2020, the Court ordered electronic service on Defendants and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a Notice of E-Service Waiver advising the Court which defendant(s) would be waiving service of process without the need for personal service. (ECF No. 40.) That order also required the California Office of the Attorney General ("OAG") to file, within 30 days from the filing of the Notice of E-Service Waiver, a separate waiver of service of process for any defendant waiving service under Federal Rule of Civil Procedure 4(d)(1). (Id.) CDCR returned the Notice of E-Service Waiver on October 9, 2020, and therefore waivers of service of process from the OAG were due on or before November 9, 2020. On November 10, 2020, the Court granted Defendants' motion for a thirty-day extension of time to file waivers of service. (ECF Nos. 46, 47.)

On December 8, 2020, Defendants Severns, McIntyre, Baylon, Sanchez, Alcantar, and Hicks filed waivers of service. (ECF No. 49.) Pursuant to the Court's September 3, 2020, order finding service of complaint appropriate and directing electronic service, Defendants' answers or other responsive pleadings are therefore due on December 8, 2020. (See ECF No. 40.)

Currently before the Court is a request for extension of time to file a responsive pleading, also filed December 8, 2020, from Defendants Severns, McIntyre, Baylon, Sanchez, Alcantar, and Hicks. (ECF No. 50.) Plaintiff has not had the opportunity to respond to the motion, but the Court finds no need for a response. Local Rule 203(l).

In support of the motion, counsel for these Defendants declares that she has requested documents relevant to the case and has received some of those documents and begun to review them. She has also begun speaking to Defendants about the case, but has not completed her initial investigation of the facts. Counsel needs additional time to investigate the facts and determine what responsive pleading would be appropriate and to complete drafting the responsive pleading. Defendants therefore request an additional 30-day extension of time to complete the investigation and file a responsive pleading, up to and including January 7, 2021. (Id.)

The Court, having considered Defendants' request, finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6(b). The Court further finds that Plaintiff will not be

prejudiced by the requested extension.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendants' request for an extension of time to answer the complaint, (ECF No. 50), is GRANTED; and
2. Defendants Severns, McIntyre, Baylon, Sanchez, Alcantar, and Hicks shall file an answer or other responsive pleading on or before **January 7, 2021**.[2]

IT IS SO ORDERED.

Dated: __December 10, 2020__           /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that, this matter is set for a settlement conference before Magistrate Judge Jeremy D. Peterson on January 27, 2021 at 9:00 a.m. (ECF No. 44.) The settlement conference will also include discussions of Ardds v. Hicks, Case No. 1:19-cv-01738-SAB and Ardds v. Bobadilla, Case No. 1:20-cv-00887-DAD-SAB. The instant extension of time does not change the date of that settlement conference.