**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>  Plaintiff,<br><br>  v.<br><br>HICKS, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-01324-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANT AMAYA'S REQUEST FOR AN EXTENSION OF TIME TO FILE A WAIVER OF SERVICE AND RESPONSIVE PLEADING<br><br>(ECF No. 51)<br><br>**Waiver of Service and Responsive Pleading Due: January 8, 2021** |

Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Hicks, Alcantar, McIntyre, Baylon, and Sanchez for retaliation in violation of the First Amendment arising out of the alleged November 9, 2017 assault; (2) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, Sanchez, and Severns[1] for retaliation in violation of the First Amendment arising out of their alleged attempt to improperly assign Plaintiff outside of his designated EOP mental health level of care unit and place him in an occupied cell after a direction that he receive a single cell placement; and (3) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to protect

---

[1] Erroneously sued as "Severens."

Plaintiff from an alleged assault by Inmate Hall on November 9, 2017, in violation of the Eighth Amendment.

On September 3, 2020, the Court ordered electronic service on Defendants and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a Notice of E-Service Waiver advising the Court which defendant(s) would be waiving service of process without the need for personal service.  (ECF No. 40.)  That order also required the California Office of the Attorney General ("OAG") to file, within 30 days from the filing of the Notice of E-Service Waiver, a separate waiver of service of process for any defendant waiving service under Federal Rule of Civil Procedure 4(d)(1).  (Id.)  CDCR returned the Notice of E-Service Waiver on October 9, 2020, and therefore waivers of service of process from the OAG were due on or before November 9, 2020.  On November 10, 2020, the Court granted Defendants' motion for a thirty-day extension of time to file waivers of service.  (ECF Nos. 46, 47.)

Pursuant to the Court's September 3, 2020, order finding service of complaint appropriate and directing electronic service, Defendants' answers or other responsive pleadings are therefore due on December 8, 2020.  (See ECF No. 40.)

Currently before the Court is a second request for extension of time to file a waiver of service and responsive pleading, filed by counsel from the OAG, by special appearance on behalf of Defendant Amaya.  (ECF No. 51.)  Plaintiff has not had the opportunity to respond to the motion, but the Court finds no need for a response.  Local Rule 203(l).

In support of the motion, counsel from the OAG declares that she has been able to determine that she can represent all of the Defendants other than Defendant Amaya.  (ECF No. 51.)  However, an additional extension is necessary so that the OAG can determine whether it can and will represent Defendant Amaya in this action.  Counsel states that she expects that the requested extension will allow enough time to determine whether the OAG can undertake representation of Defendant Amaya, determine what responsive pleading would be appropriate, if necessary, and prepare that responsive pleading.  Counsel requests an extension up to and including January 8, 2021.  (Id.)

///

Having considered the request, the Court finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6(b). The Court further finds that Plaintiff will not be prejudiced by the requested extension.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendant Amaya's second request for an extension of time to file a waiver of service of process and responsive pleading, (ECF No. 51), is GRANTED; and

2. Defendant Amaya shall file a waiver of service and an answer or other responsive pleading on or before **January 8, 2021**.[2]

IT IS SO ORDERED.

Dated:  **December 10, 2020**          /s/ Barbara A. McAuliffe  
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that this matter is set for a settlement conference before Magistrate Judge Jeremy D. Peterson on January 27, 2021 at 9:00 a.m. (ECF No. 44.) The settlement conference will also include discussions of Ardds v. Hicks, Case No. 1:19-cv-01738-SAB and Ardds v. Bobadilla, Case No. 1:20-cv-00887-DAD-SAB. The instant extension of time does not change the date of that settlement conference.

3