# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS, | Case No. 1:18-cv-01324-NONE-BAM (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | |
| HICKS, *et al.*, | (ECF No. 69) |
| Defendants. | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Hicks, Alcantar, McIntyre, Baylon, and Sanchez for retaliation in violation of the First Amendment arising out of the alleged November 9, 2017 assault; (2) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, Sanchez, and Severns1 for retaliation in violation of the First Amendment arising out of their alleged attempt to improperly assign Plaintiff outside of his designated EOP mental health level of care unit and place him in an occupied cell after a direction that he receive a single cell placement; and (3) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to protect Plaintiff from an alleged assault by Inmate Hall on November 9, 2017, in violation of the Eighth Amendment.

On June 25, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust administrative remedies related to the claims asserted in this action as required by 42 U.S.C. § 1997e. (ECF No. 69.) In the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 69-1.) Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), Plaintiff's opposition or statement of non-opposition was due on or before July 19, 2021. The deadline for Plaintiff to respond to Defendants' motion for summary judgment has expired, and he has not otherwise been in contact with the Court. Plaintiff will be permitted one final opportunity to show cause why this action should not be dismissed with prejudice.

Accordingly, it is HEREBY ORDERED that Plaintiff shall show cause by WRITTEN RESPONSE within **twenty-one (21) days** of service of this order why this action should not be dismissed, with prejudice, for failure to prosecute. Plaintiff may comply with the Court's order by filing an opposition or statement of non-opposition to Defendants' June 25, 2021 motion for summary judgment. **Plaintiff is warned that if he fails to comply with the Court's order, this matter will be dismissed, with prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated: **August 2, 2021**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE