# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HICKS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-01324-NONE-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 77) |

    Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Hicks, Alcantar, McIntyre, Baylon, and Sanchez for retaliation in violation of the First Amendment arising out of the alleged November 9, 2017 assault; (2) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, Sanchez, and Severns for retaliation in violation of the First Amendment arising out of their alleged attempt to improperly assign Plaintiff outside of his designated EOP mental health level of care unit and place him in an occupied cell after a direction that he receive a single cell placement; and (3) Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to protect Plaintiff from an alleged assault by Inmate Hall on November 9, 2017, in violation of the Eighth Amendment.

    On February 11, 2021, the Court issued a Discovery and Scheduling Order setting the

1  deadline for filing all dispositive motions (other than a motion for summary judgment for failure
2  to exhaust) for December 23, 2021.  (ECF No. 65.)  On June 25, 2021, Defendants filed a motion
3  for summary judgment on the ground that Plaintiff failed to properly exhaust administrative
4  remedies related to the claims asserted in this action as required by 42 U.S.C. § 1997e.  (ECF No.
5  69.)  The motion is fully briefed.

6  Currently before the Court is Defendants' request for an extension of time to file a
7  dispositive motion, filed December 20, 2021.  (ECF No. 77.)  Defendants request a ninety-day
8  extension of time to file a merits-based dispositive motion, if necessary, after the Court rules on
9  the pending exhaustion-based motion.  (*Id.*)  Plaintiff has not had an opportunity to file a
10 response, but the Court finds a response unnecessary.  The motion is construed as a motion to
11 modify the discovery and scheduling order and is deemed submitted.  Local Rule 230(l).

12 Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
13 with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
14 considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
15 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
16 reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was
17 not diligent, the inquiry should end.  *Id.*

18 Defendants argue that if the pending exhaustion-based motion for summary judgment is
19 granted, the motion will dispose of this case in its entirety.  Defendants therefore request a ninety-
20 day extension of time to file a merits-based dispositive motion after the Court rules on the instant
21 motion, to preserve the parties' resources and the Court's time.

22 Having considered Defendants' motion, the Court finds good cause to modify the merits-
23 based dispositive motion deadline in this action.  Further, Defendants have been diligent in filing
24 their exhaustion-based motion for summary judgment.  The Court finds it would be an efficient
25 use of the resources of the Court and the parties to address any exhaustion issues prior to reaching
26 the merits of this action.  Finally, the Court finds that the continuance granted here will not result
27 in prejudice to Plaintiff, where the exhaustion-based summary judgment motion remains pending
28 and may resolve of this action in its entirety.

Under the circumstances, the Court finds it appropriate to vacate the dispositive motion deadline, rather than grant an extension of time.

Based on the foregoing, Defendants' motion to modify the scheduling order, (ECF No. 77), is HEREBY GRANTED IN PART. The dispositive motion deadline is VACATED. As necessary and appropriate, the Court will reset the deadline following resolution of the pending exhaustion-based motion for summary judgment.

IT IS SO ORDERED.

Dated: **December 21, 2021**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

3