UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HICKS, *et al.*,<br><br>　　　　Defendants. | No.　1:18-cv-01324-JLT-BAM (PC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Docs. 69, 81) |

Defendants moved for summary judgement in the action, asserting Plaintiff failed to exhaust his administrative remedies. (Doc. 69.) On February 18, 2022, the assigned magistrate judge issued findings and recommendations recommending Defendants' motion for summary judgment be granted in part and denied in part. (Doc. 81.) The magistrate judge reviewed five non-healthcare inmate appeals related to the claims presented: Log Nos. CSPC-3-17-06269, CSPC-3-18-00093, CSPC-8-18-03021, CSPC-3-18-04019, and CSPC-3-18-04385. (*Id.* at 15-21.) In addition, the magistrate judge reviewed a healthcare grievance, COR-HC-18000745. (*Id.* at 16, 21-22.) The magistrate judge found "Plaintiff fully exhausted his administrative remedies with respect to his failure to protect claim against Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez." (*Id.* at 16.) However, the magistrate judge also found "Plaintiff failed to exhaust his administrative remedies, prior to filing the instant action, with respect to his retaliation claims." (*Id.*) Further, the magistrate judge found Plaintiff did "not provide[] any

1

1   evidence to excuse him from this failure to exhaust." (*Id.* at 22.)

2   Due to the failure to exhaust administrative remedies, the magistrate judge recommended dismissal without prejudice of: (1) the First Amendment retaliation claim against defendants Hicks, Alcantar, McIntyre, Baylon, and Sanchez arising out of the alleged assault on November 9, 2017; and (2) the First Amendment retaliation claim against defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, Sanchez, and Severns arising out of the alleged attempt to assign Plaintiff outside of his designated EOP mental health level of care unit and place him in an occupied cell after a direction that he receive a single cell placement. (Doc. 81 at 22.) Because no claims would remain against defendant Severns, the magistrate judge recommended Severns be dismissed from this action. (*Id.*) Finally, the magistrate judge recommended this action proceed on Plaintiff's Second Amended Complaint against defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to protect Plaintiff from the alleged assault on November 9, 2017, in violation of the Eighth Amendment. (*Id.*) The Court served the findings and recommendations on the parties and notified them that any objections were to be filed within 14 days after service. (*Id.* at 23.) Defendants did not file objections. Following an extension of time, Plaintiff timely filed objections on March 23, 2022. (Doc. 84.)

17  In his objections, Plaintiff argues that the magistrate judge incorrectly found that he failed to exhaust his administrative remedies with respect to COR-HC-18000745, which related to his retaliation claim regarding the attempt to place plaintiff in an occupied cell outside of his designated EOP mental health level of care unit. (Doc. 84.) Plaintiff contends this grievance should be considered exhausted, because Defendants failed to respond to Plaintiff's grievances within their set policy time constraints, and because when Plaintiff attempted to exhaust his administrative remedies, his legal materials were destroyed by defendant Hicks and his agents or defendants failed to comply with CDCR policies and procedures regarding administrative grievances. (*See id.* at 2-5.)

26  Plaintiff's objections largely reiterate arguments raised in his opposition to the motion for summary judgment. As the magistrate judge found, Plaintiff's contentions that Defendants destroyed legal materials or otherwise attempted to thwart his efforts to exhaust his administrative

2

remedies are conclusory and unsupported by evidence in the record. (*See* Doc. 81 at 15.)  To the extent Plaintiff attempts to introduce new evidence in support of his objections, a review of the exhibits reveals that the documents do not provide support for Plaintiff's arguments about the timely processing of COR-HC-18000745 and pertain to events that occurred well after the filing of the complaint in this action. (*See generally* Doc. 84 at 7-44.)  Accordingly, the exhibits do not undermine the findings of the magistrate judge related to Plaintiff's failure to exhaust his administrative remedies related to his retaliation claims.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file—including Plaintiff's objections—the Court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 18, 2022 (Doc. 81), are **ADOPTED** in full.
2. Defendants' motion for summary judgment for failure to exhaust (Doc. 69), is **GRANTED IN PART**.
3. Plaintiff's First Amendment retaliation claim against defendants Hicks, Alcantar, McIntyre, Baylon, and Sanchez, arising out of the alleged November 9, 2017 assault, is **DISMISSED** without prejudice, for the failure to exhaust administrative remedies.
4. Plaintiff's First Amendment retaliation claim against defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, Sanchez, and Severns, arising out of their alleged attempt to assign Plaintiff outside of his designated EOP mental health level of care unit and place him in an occupied cell, despite direction that he receive a single cell placement, is **DISMISSED** without prejudice, for the failure to exhaust administrative remedies;
5. Defendant Severns is **DISMISSED** from this action.
6. The Clerk of Court is DIRECTED to update the docket to terminate Defendant R. Severns as a Defendant.
7. This action shall proceed on Plaintiff's Second Amended Complaint against defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to

      protect Plaintiff from an alleged assault by inmate Hall on November 9, 2017, in violation of the Eighth Amendment; and

8. This matter is referred to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 29, 2022**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE