# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>  Plaintiff,<br><br>  v.<br><br>HICKS, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-01324-JLT-BAM (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 89)<br><br>ORDER EXTENDING DISPOSITIVE MOTION DEADLINE<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez for failure to protect Plaintiff from an alleged assault by Inmate Hall on November 9, 2017, in violation of the Eighth Amendment.

**I.     Procedural History**

Pursuant to the Court's February 11, 2021 discovery and scheduling order, the deadline for completion of all discovery was set for October 11, 2021. (ECF No. 65.) The deadline for filing motions for summary judgment for failure to exhaust administrative remedies was later extended to June 25, 2021, (ECF No. 68), and Defendants filed their exhaustion-based summary judgment accordingly, (ECF No. 69).

1

1    In response to Defendants' request, on December 22, 2021, the Court vacated the merits-based dispositive motion deadline in order to resolve the pending exhaustion-based motion for summary judgment. (ECF Nos. 77, 78.) In their request, Defendants further requested a ninety-day extension of time to file a merits-based dispositive motion, if necessary, after the Court ruled on the pending exhaustion-based motion. (ECF No. 77, p. 1.)

The exhaustion-based motion for summary judgment was granted in part and denied in part by the District Judge's order of March 30, 2022. (ECF No. 87.) The undersigned reset the dispositive motion deadline and extended it by ninety days, pursuant to Defendants' earlier request, on March 31, 2022. (ECF No. 88.) Defendants' merits-based motion for summary judgment is therefore currently due on or before June 27, 2022. (*Id.*)

At no time since issuance of the February 11, 2021 discovery and scheduling order did Defendants request a stay of discovery or otherwise request a modification of the discovery deadlines in this action.

Currently before the Court is Defendants' motion to modify scheduling order, filed June 13, 2022. (ECF No. 89.) Plaintiff has not yet had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

**II.     Motion to Modify Scheduling Order**

In their motion, Defendants move to re-open discovery for the limited purpose of deposing Plaintiff and filing any necessary discovery-related motions, on or before September 1, 2022, and a ninety-day extension of time, to September 25, 2022, to file a dispositive motion. (ECF No. 89.) Alternatively, Defendants request that the Court stay all current deadlines in the case and issue a new Scheduling Order after Plaintiff is deposed.

Counsel for Defendants, Counsel Grecea, explains that because previous defense counsel, who filed the exhaustion-based summary judgment motion, believed that a summary judgment based on failure to exhaust administrative remedies would be successful and dispose of the entire action, Defendants did not seek a stay of discovery. Counsel Grecea, who was designated for service on July 29, 2021, one month after the exhaustion summary judgment motion was filed, was also out on an extended leave of absence starting in February and returned only recently.

Upon returning, Counsel Grecea realized that a stay was never requested, and Plaintiff had not been deposed. Counsel Grecea contends that although the oversight is not Plaintiff or the Court's fault, fairness dictates that Defendants should not have to file a dispositive, merits-based motion, or litigate through trial, without the benefit of Plaintiff's testimony. Because Plaintiff's testimony could be crucial for a potential dispositive motion and at trial, Defendants should be afforded the opportunity to take Plaintiff's deposition, and to file a deposition-related discovery motion, if necessary.

In the alternative, Defendants argue that the Court should stay the dispositive motion deadline until such time as Defendants have secured Plaintiff's deposition testimony, at which time Defendants will be able to determine whether a dispositive motion is warranted, or whether Defendants will inform the Court that no such motion will be filed. Defendants contend that they will be prejudiced if they are obligated to continue to litigate without the benefit of Plaintiff's testimony, and a stay is warranted under the factors set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936).

### III.     Legal Standard

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. *Id.* The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. *Id.* If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. So. Cal. Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609). "Moreover, carelessness is not compatible with a finding of diligence

and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

**IV.     Discussion**

Defendants have failed to present good cause for the requested modification of the scheduling order.  Defendants note merely that "fairness dictates" that Defendants should not have to litigate a merits-based motion or proceed to trial without the ability to take Plaintiff's deposition. Defendants do not attempt to argue that due diligence was exercised in this matter, and the Court finds that counsel has not exercised due diligence.

Current defense counsel, Counsel Grecea, was designated for service in this action on July 29, 2021, approximately one month after the filing of Defendants' exhaustion-based motion for summary judgment. (ECF No. 70.) At that time, all other attorneys were terminated from the service list. (*Id.*) Although Counsel Grecea was on an extended leave of absence starting at the beginning of February and "only recently returned to work," (ECF No. 89-1, p. 2), at no time did counsel, or anyone on counsel's behalf, file a notice informing the Court of any expected leave of absence. Further, at no time between July 29, 2021 to the present have any other attorneys entered an appearance on behalf of Defendants. Accordingly, it appears that Counsel Grecea was solely responsible for Defendants' litigation strategy after July 29, 2021.

At that time, more than two months remained until the discovery deadline of October 11, 2021, during which time counsel was free to depose Plaintiff or request a stay of discovery. If current or former counsel for Defendants believed that the pending summary judgment motion would dispose of the entirety of the case, they could have requested a stay of discovery to conserve the resources of the parties and the Court.

Furthermore, it appears that Counsel Grecea anticipated the possibility that a merits-based dispositive motion would need to be filed. On December 20, 2021, Defendants requested an extension of ninety days after resolution of the exhaustion-based motion to file a merits-based motion, if necessary, which the Court granted in part by vacating the dispositive motion deadline. (ECF Nos. 77, 78.) However, counsel apparently did not realize at that time that Plaintiff's deposition had not been taken, or that a stay of discovery had not been entered, as counsel did not request such relief.

4

Finally, pursuant to Defendants' request, after the exhaustion-based motion for summary judgment was granted in part and denied in part, the Court reset the merits-based dispositive motion deadline to permit Defendants approximately ninety days to file a dispositive motion. (ECF No. 88.)  That order was issued on March 31, 2022, and Defendants filed the instant motion to modify the scheduling order on June 13, 2022, seventy-four days later.  Although Counsel Grecea does not specify exactly when counsel returned from the extended leave of absence, the Court finds it significant that the motion to modify the scheduling order was filed a mere two weeks before the new dispositive motion deadline, and that it appears no alternative counsel was monitoring this case during Counsel Grecea's extended leave.

In light of the above, the Court cannot find that due diligence was exercised by Defendants in this matter, and the motion cannot be granted.  *Zivokovic*, 302 F.3d at 1087 (citing *Johnson*, 975 F.2d at 609).  Plaintiff is not a witness who remained undisclosed until after the close of discovery, and it was counsel's own litigation strategy that led to the failure to request a stay of discovery.  While the Court acknowledges that Defendants may be prejudiced by the inability to depose Plaintiff before filing a dispositive motion, if any, or before appearing at trial, any prejudice suffered is due to their own actions or inactions and provides no reason to grant relief.  *Johnson*, 975 F.2d at 609.

Defendants' alternative request for a stay of this matter is similarly unavailing.  Given that Defendants do not contend that there is any possibility that they will complete Plaintiff's deposition and any merits summary judgment motion before the existing June 27, 2022 deadline, any stay would also necessarily require modification of the scheduling order deadlines.  As discussed above, without the exercise of due diligence to support such a modification, a stay is also inappropriate.

Nevertheless, in light of the procedural posture of this action[1] and in an abundance of caution, the Court finds it appropriate to grant Defendants a *brief* extension of time to file a merits-based dispositive motion, if they determine one is warranted based on the evidence.

---

[1] In particular, as the Court noted in the February 18, 2022 findings and recommendations, the parties would have the opportunity to address the question of which of the remaining Defendants were or were not members of the ICC and IDTT committees on November 2, 2017 or November 3, 2017.  (*See* ECF No. 81, p. 19.)

**V.     Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order, (ECF No. 89), is DENIED; and
2. Any merits-based motions for summary judgment shall be filed with **thirty (30) days** from the date of service of this order; and
3. <u>The parties are advised that any further extension of time of this deadline will only be granted upon a clear showing of good cause</u>.

IT IS SO ORDERED.

Dated:   **June 16, 2022**                    /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE