# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>        Plaintiff,<br><br>    v.<br><br>HICKS, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-01324-JLT-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S DECLARATION IN SUPPORT OF HIS PROPOSED AMENDED COMPLAINT AS A MOTION TO FILE AN AMENDED COMPLAINT<br>(ECF No. 93)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT<br>(ECF No. 93) |

    Plaintiff Antoine L. Ardds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Hicks, Amaya, Alcantar, McIntyre, Baylon, and Sanchez ("Defendants") for failure to protect Plaintiff from an alleged assault by Inmate Hall on November 9, 2017, in violation of the Eighth Amendment.

    On July 18, 2022, Defendants filed a motion for summary judgment on the grounds that: (1) Plaintiff failed to exhaust administrative remedies as Defendants Hicks, Amaya, Baylon, Alcantar, and McIntyre;[1] (2) plaintiff lacks competent evidence to show that Defendant Sanchez

---

[1] Defendants previously filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 69.) The motion was granted in part and denied in part, and the case proceeds only "against any Defendants who may have been members of the ICC and IDTT committees on November 2, 2017 or November 3, 2017." (ECF No. 81, p. 19; adopted in full by ECF No. 87.) The Court noted that to the extent the remaining Defendants "were not members of those committees on the dates in question, the parties [would] have the

1

was subjectively deliberately indifferent to a risk of harm to Plaintiff; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff's request for injunctive relief, if any, is moot. (ECF No. 92.) Plaintiff's opposition is currently due on or before August 11, 2022.

On July 25, 2022, Plaintiff filed a document titled "Plaintiff's Declaration in Support of his Proposed Amended Complaint for the Sole Purpose of Identifying ICC/UCC/IDTT Members." (ECF No. 93.) Plaintiff requests permission to add Defendants Cristanto, R. Celestin, and Sanchez to reflect the identities of the participants in the November 2, 2017 UCC/ICC/IDTT Committee. Plaintiff states that since the filing of the complaint he has had trouble obtaining this information due to COVID and because CDCR officials at CSP – Corcoran refused to provide the information. Plaintiff states that the proposed amended complaint has been amended to reflect the identity and actions of these defendants, and refers to an Exhibit A, which appears to be a copy of a Classification Committee Chrono dated November 2, 2017. (*Id.* at 4–5.) Plaintiff did not attach a proposed amended complaint.

The Court construes the filing as a motion to file an amended complaint. Defendants have not yet had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.* These factors do not carry equal weight. Prejudice is the most important factor to consider. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

///

opportunity to present further evidence of that fact in a later motion for summary judgment. (*Id.*)

While it is procedurally improper for Plaintiff to file a motion to amend without including a proposed amended complaint, this procedural defect is easily cured and is not a sufficient reason to deny leave to amend that should be "freely given when justice so requires." *See AmerisourceBergen Corp.*, 465 F.3d at 951.  Further, although Plaintiff alleges that he has had trouble obtaining the needed information regarding the identities of the defendants he seeks to add to this suit, he does not explain why leave to file an amended complaint should be granted at this late stage in the case.  The Court notes that, pursuant to the Court's February 11, 2021 discovery and scheduling order, the deadline to file motions to amend the pleadings expired on August 11, 2021, and the deadline for completion of all discovery was October 11, 2021.  (ECF No. 65.)  Plaintiff did not request an extension of these deadlines, or otherwise argue that he was unable to obtain necessary discovery documents to identify the correct defendants in this action.

Nevertheless, the Court finds it appropriate to deny the motion without prejudice and permit Plaintiff to cure the procedural defect by re-filing his motion and including a proposed amended complaint that is "complete in itself without reference to the prior or superseded pleading," as required by Local Rule 220.  If Plaintiff chooses to re-file his motion to amend, he should address the factors identified above, specifically whether the filing of an amended complaint at this late stage will cause undue delay or prejudice to Defendants or any defendants he wishes to add to this action.  Defendants will then be permitted an opportunity to file a response or opposition to the motion to amend.

Meanwhile, Defendant's motion for summary judgment remains pending.  As it is unclear whether Plaintiff will choose to re-file his motion to amend, at this time Plaintiff remains obligated to respond to the dispositive motion.  As noted above, Plaintiff's opposition is currently due on or before August 11, 2022.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's declaration in support of his proposed amended complaint, (ECF No. 93), is CONSTRUED as a motion to file an amended complaint;
2. Plaintiff's motion to file an amended complaint, (ECF No. 93), is DENIED without prejudice;

3

3. Plaintiff's opposition to Defendants' motion for summary judgment, (ECF No. 92), remains due on or before **August 11, 2022**; and

4. **Plaintiff is warned that if he fails to file an opposition to Defendants' motion for summary judgment in compliance with the Court's order, this matter will be dismissed, with prejudice, for failure to prosecute**.

IT IS SO ORDERED.

Dated:   **July 27, 2022**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE